## JANE GRAHAM *v.* WILLIAM COUPE.

The admission of irrelevant testimony, which would be likely to prejudice the jury against one of the parties to a suit, and may have injuriously affected him in the trial of the cause, is a sufficient ground for granting a new trial.

In an action brought by G. against C. to recover the expenses incurred by the former in the board, care and attendance, and funeral expenses of her daughter, the wife of the latter, where C. alleged in defence to the claim that his wife left his home without his consent, and refused his repeated requests to return to it, it was *held*, that evidence that C's wife said on her arrival at G.'s house in C.'s carriage and driven by his driver, that she should go back to him when he got moved, and that he was going to write her about it, was admissible for the purpose of showing that G. received C.'s wife as a visitor, and not as a deserter from her husband.

*Held further*, that testimony that C., during the absence of his wife, went to balls and parties, and rode out with young ladies, and that he wrote a letter to another woman proposing matrimony, when he knew that his wife was fatally diseased, was inadmissible, as irrelevant to show that he had obliged his wife to leave, or to remain absent from, his home.

ASSUMPSIT to recover for the board of the defendant's wife, who was the plaintiff's daughter, and for care and attendance on her in sickness while at the plaintiff's house, and for her funeral expenses.

At the trial of the case at the last term of the Supreme Court for this county, before the Chief Justice and a jury, the defendant claimed that he was not liable, because his wife had gone to her mother's house as a deserter from her husband. The plaintiff was permitted, against the defendant's objection, to introduce evidence showing that the defendant's wife, upon her arrival at the plaintiff's house in the defendant's carriage, and driven by his driver, said that she should go back to the defendant (her husband) as soon as he got moved, and that he was going to write to her about it.

Evidence of the defendant having gone to balls and parties while his wife was at the plaintiff's house, was also admitted against the defendant's objection, and upon the cross examination of the defendant himself upon the witness stand, the court allowed him to be examined with reference to having written a letter to a young lady proposing marriage after the decease of his wife, then known to him to be fatally diseased.

A verdict having been rendered for the plaintiff for $715.50, the defendant alleged exceptions, and the case was now heard on his motion for a new trial.

*Ripley and Orville Peckham, for the defendant, in support of the motion :—*

I. The court erred in allowing witnesses to testify what statements the defendant's wife made at the plaintiff's house as to her intention to return to her husband, and his promise to write for her. This hearsay evidence was not admissible, the wife's statement not having been made at the time of leaving, but only after she had arrived at the plaintiff's house and had had time to prepare it. This was too late for it ever to be made evidence. *Snover* v. *Blair*, 1 Dutch, 94 ; Hilliard on Remedies for Torts, 325 *et seq.*

II. The court erred in admitting testimony that the defendant, while his wife was at the plaintiff's, went to balls and dinners and parties, and rode out with young ladies. The objection to this ruling is that the evidence was immaterial. The question for the jury, and the only question, was, did or did not the defendant's wife contract the debts in suit by living apart from

him, without his consent, while he kept a proper and comfortable home for her? The evidence objected to could justly afford the jury no assistance in answering this question, for the facts testified to, if true, were no justification for a wife remaining apart from her husband. The misconduct of a husband, to afford such justification, must be of a much graver character than that testified to. *Blower* v. *Sturtevant*, 4 Denio, 46. The testimony in question was not merely insufficient, but was immaterial and inadmissible. See 1 Green. Ev. § 52 ; *Harris* v. *Mantle*, 3 Term, 307. The evidence in relation to the defendant writing a letter at this same time to a young lady, with a view to matrimony, is subject to precisely the same objections as that last considered, and should have been excluded for the same reason. Moreover, the last mentioned evidence was introduced on the cross examination of the defendant, although it had no connection with any thing testified by him in his direct examination, which was error.

III. The verdict was against the evidence. (The counsel commented fully on the evidence in the case.) Persons dealing with a wife living apart from her husband do so at their peril, and the burden is on them of proving that the separation is justifiable on the part of the wife. Failing in this, they cannot recover. *Mainwearing* v. *Leslie*, 2 Carr. & P. 507 ; *Clifford* v. *Laton*, 3 Ib. 15 ; *Gill* v. *Read*, 5 R. I. 343.

*B. N. & S. S. Lapham, for plaintiff, contra :—*

If the defendant by his consent, express or implied, allowed his wife to live with and be supported by the plaintiff, he is liable for her support. *Mayhew* v. *Thayer*, 8 Gray, 173 ; *Ambrose* v. *Kenison* 4 Eng. L. & E. 361. Such consent may be inferred from his acts and silent acquiescence. 2 Greenleaf on Ev. § 108. Whatever is calculated to throw light upon a transaction, or to show the probable motives, or to illustrate and show the relation and feelings likely to influence the parties, is competent evidence for the consideration of the jury. *Blodgate* v. *Turner*, 41 N. H. 398 ; *State* v. *Gordon*, 1 R. I. 184, 185 ; Williams on Remedies for Tort, 339, 341.

The evidence of defendant, riding with young ladies and going

to balls and parties, and writing a note with a view to matrimony to a young lady, was properly admitted for the purpose of showing the state of feeling between the defendant and his wife, and whether he desired her presence and society or not.

The defendant advised his wife to go to the plaintiff's, and sent her in his own carriage with his own driver. He had made no provision for her support or acceptance there; she was therefore his agent for the purpose of procuring support and making arrangements for her stay with the plaintiff. Whatever she said in relation to that matter is part of the *res gestae,* and binding on the defendant. Reeves Domestic Relations (side p.) 113; Story on Agency, §§ 134, 137.

A verdict will not be set aside unless it is clearly, palpably, decidedly, and strongly against the evidence. Hilliard on New Trials, p. 340. In this case there have been two verdicts to the same effect.

DURFEE, J. We think the plaintiff was entitled to show that she received the defendant's wife simply as a guest or visitor, and not as a deserter from her husband. In this view, we think the statement made by the wife, on her arrival in the defendant's carriage, driven by his driver, was admissible.

We think the testimony that the defendant, during the absence of his wife, had attended balls, parties, and dinners, and ridden out with young ladies, was inadmissible for irrelevancy. It does not show that he had obliged her to leave, or to remain absent from his home, nor was it, in our opinion, evidence from which the jury could properly infer a contract on his part to pay for her support elsewhere. The admission of the letter proposing matrimony is open to the same objection. The writing of such a letter was doubtless heartless, and reprehensible in a high degree, but it did not necessarily imply a criminal purpose on the part of the defendant, his wife being, as was known to him, fatally diseased. There is nothing in the case to show that the letter, which was written previous to the separation, was the cause of the separation. In fact, it does not appear to have come to the knowledge of the wife. The testimony was, we think, irrelevant.

But though the testimony was irrelevant, it was of a kind which would be very likely to prejudice the jury against the defendant, and, considering the state of the testimony, may have injuriously affected him as a defendant in the cause. We therefore grant him a new trial.

*New trial granted.*